Dear Senator Cain:
Our office is in receipt of your request for an Attorney General's Opinion regarding use of waters from Toledo Bend Reservoir. According to your letter, legislators for the State of Texas may file legislation in the Texas Legislature allowing the sale of water from Toledo Bend Reservoir to the City of Houston. You further state that should this legislation be filed and enacted into Texas law, it will devastate the recreation and tourism of Sabine Parish and West Louisiana as well as destroy any possibility of Louisiana enticing retirees and others to relocate to this area. You ask what Louisiana Legislators can do about the possibility of Toledo Bend Reservoir water being sold to the City of Houston.
While I do not have a copy of the proposed legislation and therefore do not know its content or intent, I draw your attention to the Sabine River Compact entered into between the states of Louisiana and Texas. This Compact can be found as an annotation to La. R.S. 38:2329 and a copy is attached hereto. This Compact was enacted by Acts 1954, No. 36 and amended by Acts 1961, No. 75, Acts 1974, No. 625 and Acts 1988, No. 471. Pursuant to of Acts 1988, No. 471, Section 1, the Sabine River Compact has been ratified by the State of Louisiana and the State of Texas. According to the compact "the major purposes of this compact are to provide for an equitable apportionment between the states of Louisiana and Texas of the waters of the Sabine River and its tributaries, thereby removing the causes of present and future controversy between the states over the conservation and utilization of said waters. . ." In part, the Compact provides as follows:
 ARTICLE II . . . nothing in this Compact shall be construed as applying to, or interfering with, the right or power of either signatory State to regulate within its boundaries the appropriation, use and control of water, not inconsistent with its obligations under this Compact.
 ARTICLE III . . . all rights to any of the waters of the Sabine River which have been obtained in accordance with the laws of the States are hereby recognized and affirmed; provided, however, that withdrawals, from time to time, for the satisfaction of such rights shall be subject to the availability of supply in accordance with the apportionment of water provided under the terms of this Compact.
 ARTICLE IV Texas shall have free and unrestricted use of all waters of the Sabine River and its tributaries above the Stateline[1] . . .
 ARTICLE V Texas and Louisiana hereby agree upon the following apportionment of the Waters of the Sabine River:
 (a) All free water in the Stateline reach[2] shall be divided equally between the two States, this division to be made without reference to the origin.
 (b) The necessity of maintaining a minimum flow at the Stateline for the benefit of water users below the Stateline in both States is recognized, and to this end it is hereby agreed that:
* * *
 (2) After January 1, 1953, neither State shall permit or authorize any additional uses which would have the effect of reducing the flow at the Stateline to less than 36 cubic feet per second.
* * *
 (f) Each State shall have the right to withdraw its share of the water from the channel of the Sabine River in the Stateline reach in accordance with Article VII. Neither State shall withdraw at any point more than its share of the flow at the point except, that under Article VII of this Compact, either State may withdraw more or less of its share of the water at any point providing that its aggregate withdrawal shall not exceed its total share. Withdrawals made pursuant to this paragraph shall not prejudice or impair the existing rights of users of Sabine River waters.
* * *
 (k) Each State may use its share of the water apportioned to it in any manner that may be deemed beneficial by the State.
Article VII of the Compact establishes the Sabine River Compact Administration to, among other things, adopt by-laws and rules and regulations. Pursuant thereto, the Administration adopted rules and regulations which "prescribe procedures for approval of all points of diversion of water from the Sabine River . . ." The rules and regulations state, in pertinent part:
 All water-use projects in Texas or Louisiana . . . shall include a description of the legal basis for the water use, the purpose of use, the location of the diversion point, the rate and method of diversion, the maximum quantity of water to be diverted annually, the measuring device approved and/or in use, and any other pertinent features or special conditions of the project.
* * *
 The Administration shall deem a water-use project to create a significant potential for causing a Compact violation only if such project would exceed the amount estimated by the Administration as available for each State to use, considering the location of the diversion point, the flows of water available, and existing water uses. . . . However, the State in which such water-use project is located may be required by the Administration to monitor and report on a more frequent basis the diversions and flows in the affected reach of the streams in order to provide a higher degree of assurance of compliance with the terms of the Compact.
We believe the above excerpts from the Compact and the rules and regulations promulgated thereunder are representative of the rights and obligations of the states of Texas and Louisiana with regard to the use of water drawn from Toledo Bend Reservoir. Generally, the Compact provides that Texas or Louisiana may dispose of water properly drawn from the Reservoir in any legal manner they so choose.
The Compact is a contract between the parties, the State of Texas and the State of Louisiana. Texas v. New Mexico,482 U.S. 124, 128, 107. S.Ct. 2279, 2283 (1987) ("A Compact is, after all a contract. It remains a legal document that must be construed and applied in accordance with its terms."). As in any other contract, the parties to the Compact are obligated to comply with its terms. In the event one state to the Compact engages in an activity which is in contravention with its terms, the other state is entitled to pursue appropriate remedies for breach of contract, including suit in the U.S. Supreme Court.
We trust the foregoing has been helpful. Should you have any further questions please do not hesitate to contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________________ FREDERICK C. WHITROCK Assistant Attorney General
Attachment:
[1] Article I(a) of the Compact provides: "Stateline" means the point on the Sabine River where its water in downstream flow first touch the States of both Louisiana and Texas.
[2] Article I(d) of the Compact provides: "Stateline reach" means that portion of the Sabine River lying between the stateline and Sabine Lake.